# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of CATERPILLAR CRÉDITO, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD REGULADA for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Misc. Case No. 22-mc-273 |

## REPLY IN SUPPORT OF *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING

**BUCHANAN INGERSOLL & ROONEY PC**
640 Fifth Avenue, 9th Floor
New York, NY 10019-6102
Tel.: (212) 440-4400
Fax: (212) 440-4401

*Counsel for Caterpillar Crédito, Sociedad Anónima de Capital Variable, Sociedad Financiera de Objeto Múltiple, Entidad Regualada*

Dated: December 23, 2022

**TABLE OF CONTENTS**

Page

FACTUAL BACKGROUND ........................................................................................................ 3

ARGUMENT .................................................................................................................................. 4

I.   THE DISCOVERY IS "FOR USE IN" THE CURAÇAO PROCEEDING ................. 4

    A.   The Requested Discovery Is Relevant to the Curaçao Proceeding. .................. 4

    B.   The Parties' Other Litigation Is Irrelevant. ......................................................... 6

II.  THE APPLICATION SATISFIES EACH *INTEL* DISCRETIONARY FACTOR ........................................................................................................................ 7

    A.   Amex Is Not a Party to the Curaçao Proceeding. ............................................... 7

    B.   The Curaçao Court Will Be Receptive to the Discovery Sought ...................... 8

    C.   Caterpillar Crédito Does Not Circumvent Proof-Gathering Restrictions ........................................................................................................... 9

    D.   The Requested Discovery Is Not Unduly Burdensome. .................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

Page(s)

*In re Accent Delight Int'l Ltd.*,
    869 F.3d 121 (2d Cir. 2017) .............................................................................................. 6, 7

*ADCAP v. BNY*,
    2022 WL 4955312 (S.D.N.Y. Oct. 4, 2022) ............................................................................ 6

*In re Al-Attabi*,
    2022 WL 229784 (S.D.N.Y. Jan. 26, 2022) ............................................................................ 4

*In re Appl.*,
    249 F.R.D. 96 (S.D.N.Y. 2008) ............................................................................................... 4

*In re Ex Parte Apple Inc.*,
    2012 WL 1570043 (N.D. Cal. May 2, 2012) ........................................................................ 10

*Baxalta Inc. v. Genentech, Inc.*,
    2016 WL 11529803 (N.D. Cal. Aug. 9, 2016) ........................................................................ 6

*Certain Funds v. KPMG, L.L.P.*,
    798 F.3d 113 (2d Cir. 2015) .................................................................................................... 6

*In re Chevron Corp.*,
    633 F.3d 153 (3d Cir. 2011) .................................................................................................... 9

*In re Chodiev*,
    2021 WL 6805646 (D.D.C. May 17, 2021) ............................................................................ 5

*In re Evenstar*,
    2021 WL 3829991 (S.D.N.Y. Aug. 27, 2021) ......................................................................... 5

*In re Furstenberg*,
    2018 WL 3392882 (S.D.N.Y. July 12, 2018) .................................................................... 8, 10

*In re Gilead Pharmasset LLC*,
    2015 WL 1903957 (D. Del. Apr. 14, 2015) ............................................................................ 9

*In Re Hellard*,
    2022 WL 2819408 (S.D.N.Y. July 19, 2022) ........................................................................ 10

*Ill. Extension Pipeline Co. v. Thomas*,
    2016 WL 1259379 (C.D. Ill. Mar. 30, 2016) .......................................................................... 5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004) ................................................................................................... *passim*

*In re Lake Holding*,
 2021 WL 2581427 (S.D.N.Y. June 23, 2021) ............................................................................ 8

*Lopes v. Lopes*,
 180 F. App'x 874 (11th Cir. 2006) ............................................................................................ 8

*Mees v. Buiter*,
 793 F.3d 291 (2d Cir. 2015) ...................................................................................................... 7

*In re Microsoft Corp.*,
 428 F. Supp. 2d 188 (S.D.N.Y. 2006) ....................................................................................... 9

*In re Penner*,
 2017 WL 5632658 (D. Mass. Nov. 22, 2017) ........................................................................... 8

*In re Piraeus Bank*,
 2020 WL 2521322 (S.D.N.Y. May 18, 2020) ........................................................................... 5

*In re Porsche*,
 2019 WL 5806913 (D. Mass. Nov. 6, 2019) ........................................................................... 10

*In re Porsche*,
 2021 WL 2530277 (S.D.N.Y. June 21, 2021) ......................................................................... 10

*In re Sampedro*,
 2019 WL 101902 (D. Conn. Jan. 3, 2019) .............................................................................. 10

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
 376 F.3d 79 (2d Cir. 2004) ........................................................................................................ 8

*In re Sevier*,
 2022 WL 3923679 (D. Del. Aug. 31, 2022) ............................................................................. 5

*US v. Restrepo*,
 986 F.2d 1462 (2d Cir. 1993) .................................................................................................. 10

*Vellone v. Kijakazi*,
 2022 WL 276842 (S.D.N.Y. 2022) ........................................................................................... 5

*Venequip, S.A. v. Caterpillar, Inc.*,
 2022 WL 823856 (N.D. Ill. 2022) ............................................................................................. 8

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ *passim*

Caterpillar Crédito's Application seeks targeted discovery of financial records that are highly relevant to its defenses in a foreign proceeding brought by Mrs. Bellosta, seeking to invalidate Mr. Bellosta's Personal Guarantees of Caterpillar Crédito's $110 million loan.  The Application seeks information concerning the Bellostas' location at relevant times to challenge their claim of Curaçao residency.  The Bellostas' and Caterpillar Crédito's Curaçao pleadings and evidentiary submissions reveal that these issues are highly relevant and hotly disputed in Curaçao.

In response to the Application, the Bellostas intervened and filed an Opposition that attempts to obfuscate by shuffling through the merits of various disputes between the parties or their affiliates that are irrelevant to the Application.  But Caterpillar Crédito's Application fits squarely within the statutory requirements and discretionary guidelines and should be granted.

Caterpillar Crédito's Application meets the statutory requirements.  The Bellostas dispute only whether the discovery sought is "for use in" the Curaçao Proceeding.  First, the Bellostas argue that the discovery sought cannot be "for use in" the Curaçao Proceeding because it is "plainly irrelevant."  But the Bellostas' submissions in Curaçao show the meritless nature of this objection.  The Bellostas have attempted to prove their residency by arguing that "their family doctor, their hairdressers, and a veterinarian for their dogs" are in Curaçao and because "they go to local restaurants" in Curaçao.  Opp'n Ex. 9 at 6.  Caterpillar Crédito seeks this same type of information for the same reason: the records of the Bellostas' accounts "are likely to show their location throughout the relevant periods as these records are likely to show the shops, restaurants, gas stations, dry cleaners, etc., which they frequented."  Memo. of Law at 2.  It can't be that this evidence is relevant only when the Bellostas wish to use it, but not when Caterpillar Crédito does.

Second, they argue that even though Mrs. Bellosta—*not Caterpillar Crédito*—filed the Curaçao Proceeding, Caterpillar Crédito's claim to need the discovery for the Curaçao Proceeding

1

must be "pretext" because there is other litigation between the parties. But the Bellostas support this argument with only conjecture, which is belied by reality—after a Washington federal court granted Caterpillar Crédito's § 1782 application seeking discovery from the Bellostas' cell phone carrier T-Mobile, Caterpillar Crédito used that discovery in Curaçao. (*See* Ex. B.) What's more, as the Bellostas have conceded, any speculative concern that Caterpillar Crédito might use the discovery elsewhere is eliminated by a protective order limiting use to the Curaçao Proceeding.

The four *Intel* factors of weigh in favor of granting the Application. (1) No one disputes that Amex is not a party to the Curaçao Proceeding and cannot be compelled to produce evidence by that court. But even if the test were whether its documents are within the Curaçao court's jurisdiction, that supports granting the Application because that court cannot compel their production, and the Bellostas have not agreed to produce them. (2) The Bellostas concede that the Curaçao court will consider evidence that Caterpillar Crédito obtains by Application, and Caterpillar Crédito has used evidence obtained after the Washington federal court granted its § 1782 application. (3) The Bellostas cite no evidence that Caterpillar Crédito's Application "conceals an attempt to circumvent foreign proof-gathering restrictions" because Curaçao accepts evidence gathered through § 1782. (4) The document requests are not unduly burdensome because at the core they seek a few years of credit card statements that likely are stored electronically. Because the statutory requirements are met and the *Intel* factors weigh in favor of granting the Application, Caterpillar Crédito respectfully requests that the Court grant its Application.

Finally, the Bellostas claim certain issues are "fully briefed" in Curaçao. Not so. But time is limited for Caterpillar Crédito to obtain and use the discovery. To avoid prejudice of any delay,[1]

---

[1] The Washington federal court found that the "Bellostas' extensive delay does not suggest good faith," citing Caterpillar Crédito's "suggest[ion that] the Bellostas have intentionally delayed in order to 'run out the clock' on Caterpillar's ability to use this and other discovery in the Curaçao litigation." Opp'n Ex. 5 at 13 & n.9.

2

Caterpillar Crédito requests that the Court order Amex to comply with the subpoena within 14 days of this Court granting the Application.

## FACTUAL BACKGROUND

In April 2022, Mrs. Bellosta initiated the Curaçao Proceeding against Caterpillar Crédito and nominally Mr. Bellosta (who admits the claim) to annul Personal Guarantees that he gave to Caterpillar Crédito in 2015 and 2016 for a $110 million loan—now in default. In Curaçao, Mrs. Bellosta alleges that Mr. Bellosta needed her consent to execute the Personal Guarantees, and because she did not consent, they are void. Mrs. Bellosta argues that the validity of the Personal Guarantees must be decided under Curaçao law because her residence was in Curaçao in 2015 and 2016. (de Vries Decl. ¶¶ 7-8; Ex. 1, de Vries Suppl. Decl. ¶ 2.)

The Application requests discovery relevant to Caterpillar Crédito's defenses in Curaçao: (1) Mr. Bellosta was not a Curaçao resident when Mrs. Bellosta filed her Curaçao complaint, so the Curaçao court does not have jurisdiction; (2) Mrs. Bellosta was not a Curaçao resident at the time that Mr. Bellosta made the Personal Guarantees, so Curaçao law does not apply. Caterpillar Crédito will prevail if it proves either. (de Vries Decl. ¶¶ 8, 10-11; de Vries Suppl. Decl. ¶ 3.) So, under § 1782, Caterpillar Crédito seeks discovery from Amex of credit card statements concerning the Bellostas, which will show locations frequented by the Bellostas (*e.g.*, drycleaners, restaurants, and stores) and therefore provide objective evidence of their residence during the relevant periods.

After a Washington federal court granted Caterpillar Crédito's § 1782 application, T-Mobile produced cell phone records relating to the Bellostas. Opp'n Ex. 5 at 3-4. As with the targeted discovery here, Caterpillar Crédito sought documents to identify the location of the Bellostas (2014-2017, 2021-present) because their location at these times is relevant to the question of their residency. Opp'n Ex. 4 at 2. The Washington federal court granted the application, finding that it met the statutory requirements and *Intel* factors. Opp'n Ex. 5 at 15 n.10.

3

The Bellostas argue that the Washington federal court's granting of that application is irrelevant because it was *ex parte*. Setting aside that the Bellostas' argument implies that the Washington federal court shirked its duty to make findings and apply the law, even after the Bellostas challenged the granted application, the court confirmed that "the subpoena meets the requirements of § 1782" and "the court is not persuaded that the subpoena sought information 'irrelevant' to any claim or defense in the Curaçao litigation."[2] *Id.* Finally, in Washington, the Bellostas' proposed a protective order limiting use of the T-Mobile documents to the Curaçao Proceeding, agreeing that it was sufficient to ensure that the discovery was not used elsewhere. (Ex. 2.) Caterpillar Crédito has submitted evidence from T-Mobile in Curaçao because it is plainly relevant. (Ex. B.)

## ARGUMENT

### I. THE DISCOVERY IS "FOR USE IN" THE CURAÇAO PROCEEDING

Of the statutory requirements for § 1782 applications, the Bellostas only challenge whether the discovery sought is "for use in" the Curaçao Proceeding. The Bellostas' challenge fails.

#### A. The Requested Discovery Is Relevant to the Curaçao Proceeding.

The Bellostas argue that the discovery sought cannot be "for use in" the Curaçao Proceeding because it is "plainly irrelevant." They are wrong. To begin, 'for use' "requir[es] only a '*de minimis*' showing that the information sought would be relevant to the foreign proceeding." *In re Al-Attabi,* 2022 WL 229784, at *8 (S.D.N.Y. Jan. 26, 2022) (collecting cases). "[C]ourt[s] should be particularly wary of denying discovery on relevance grounds." *In re Appl.*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008). "Even where relevance is in doubt in a § 1782 case, the district court

---

[2] The Bellostas argue that Caterpillar Crédito did not provide proper notice of the T-Mobile subpoena. But as the Washington court found, the Bellostas were aware of that subpoena and improperly delayed. Opp'n Ex. 5 at 10. And lack of notice is irrelevant here where Caterpillar Crédito agreed to the Bellostas' intervention before any subpoena issued. Additionally, the Bellostas argue that Caterpillar Crédito misled the Washington court "by omission" about whose deadline was upcoming in Curaçao. But Caterpillar Crédito never claimed this deadline was its own (nor did the court), and it remains true that Caterpillar Crédito has an urgent need for discovery. (*See, e.g.*, Ex. B.)

4

should be permissive." *In re Evenstar*, 2021 WL 3829991, at *8 (S.D.N.Y. Aug. 27, 2021).

Here there is no doubt that the Application seeks discovery that is relevant to Caterpillar Crédito's defenses in Curaçao. Curaçao law determines residency by weighing "all relevant circumstances" and assesses intended residency through behavior, which is the "only objective evidence available." (de Vries Suppl. Decl. ¶¶ 7, 15; de Vries Decl. ¶ 8.)[3] Caterpillar Crédito thus seeks credit card statements to obtain information about the Bellostas' activities and location and, thus, their residency at relevant times. (de Vries Suppl. Decl. ¶ 22.) The Bellostas argue that "there is no indication that [transaction details] would reveal location information," Opp'n at 13, but that is not credible. Even if some purchases are made remotely, if the Bellostas frequent "a café, restaurant, night club, nail salon, medical centre or hotel or using a local taxi company or car service, it is highly unlikely they are doing so from abroad." (de Vries Suppl. Decl. ¶ 22; *see also id.* ¶ 18 ("If an individual spends more time abroad than in Curaçao and has more professional, financial and social ties abroad than in Curaçao, this would be a strong indication that they are not a Curaçao resident.").) Other discovery, such as card applications and credit reports, likely shows home addresses of the Bellostas.[4]

Finally, even the Bellostas concede that the requested discovery is relevant in Curaçao. The Bellostas used the same information that Caterpillar Crédito seeks to defend their purported

---

[3] The Bellostas say Caterpillar Crédito cannot offer a reply declaration, citing *Vellone v. Kijakazi*, 2022 WL 276842, at *4 (S.D.N.Y. 2022). *Vellone* rejected a new argument raised in a reply brief (*id.*) and said nothing about reply expert declarations, which are common. *E.g.*, *In re Sevier*, 2022 WL 3923679, at *3 (D. Del. Aug. 31, 2022) (granting 1782 because "supplemental affidavit . . . establishes the relevance of the requested information"); *In re Chodiev*, 2021 WL 6805646, at *8 (D.D.C. May 17, 2021) (skeptical of claim that the "Application and subpoena alone must establish the Court's authority to allow discovery under § 1782"). Even if *Vellone* applies, Caterpillar Crédito is not raising a new argument. *See* Memo. at 2-3, 15 (describing relevance of the requested discovery).

[4] The Bellostas argue that Caterpillar Crédito improperly bases its requests "upon information or belief." Opp'n at 13. But Caterpillar Crédito supports its Application with an affidavit, and courts routinely grant § 1782 discovery based "upon information and belief." *E.g.*, *In re Piraeus Bank*, 2020 WL 2521322, at *2 (S.D.N.Y. May 18, 2020). The Bellostas cite no case requiring proof of a fact to get discovery about that fact; that puts the cart before the horse. The only case they cite, *Ill. Extension Pipeline Co. v. Thomas*, 2016 WL 1259379, at *5 (C.D. Ill. Mar. 30, 2016), is not a § 1782 case and denied *additional* discovery requested to delay summary judgment. Here, by bringing the Curaçao Proceeding, the Bellostas have put their residency at issue. This is not a fishing expedition.

5

Curaçao residency, alleging that they go to "local restaurants," "the family doctor," "the veterinarian," and "hairdressers" in Curaçao. Opp'n Ex. 9 at 6. After asserting the relevance of these activities to the Curaçao Proceeding, the Bellostas cannot now claim that Caterpillar Crédito should be denied discovery into financial records that shed light on the frequency and location of the same activities and therefore are relevant to the Bellostas' residency. The discovery here is plainly relevant, so the statutory requirements of § 1782 are met.[5]

### B. The Parties' Other Litigation Is Irrelevant.

The Bellostas argue at length that because the requested discovery might be relevant to other disputes between the parties, it cannot be "for use in" the Curaçao Proceeding. But it strains credulity to argue that the Curaçao Proceeding is "pretext" when ***Mrs. Bellosta initiated the Curaçao Proceeding and dragged Caterpillar Crédito into the Curaçao court***, asking that court to invalidate Caterpillar Crédito's contractual right to $130 million. Mrs. Bellosta relies on Curaçao law as the basis for her claim—putting at issue the Bellostas' residency. After Mrs. Bellosta filed her Curaçao suit, Caterpillar Crédito filed its Application, seeking discovery to support its defenses in that proceeding based on ***claims brought by Mrs. Bellosta***.[6] Tellingly, the Bellostas do not cite a single case that stands for the proposition that they ask this Court to adopt—that discovery relevant to a foreign proceeding is no longer "for use in" that proceeding if it might

---

[5] The Bellostas' reliance on *Certain Funds* and *Accent Delight* is misplaced. These cases support granting the Application. *Certain Funds v. KPMG, L.L.P.*, 798 F.3d 113, 120 (2d Cir. 2015) (affirming denial of § 1782 application where the petitioner could *not* "show that it ha[d] a role in the [foreign] proceeding"); *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017) (affirming grant of § 1782 application because petitioner had procedural ability to submit discovery to foreign magistrate). Caterpillar Crédito meets this test—it is a defendant in the Curaçao Proceeding and already has submitted § 1782 evidence from the Washington action in Curaçao. Similarly, the Bellostas' citation to the out-of-circuit *Baxalta* case also is unpersuasive; that court did not "conclusively determine whether or not the statutory 'for use in a foreign proceeding' factor is met." *Baxalta Inc. v. Genentech, Inc.*, 2016 WL 11529803, at *5 (N.D. Cal. Aug. 9, 2016).

[6] For this reason, the Bellostas' cite to *ADCAP v. BNY*, 2022 WL 4955312 (S.D.N.Y. Oct. 4, 2022) is forceless. There, ADCAP filed suit in Brazil and then sought 1782 discovery from BNY, while threatening to sue BNY in the United States. In other words, the court rejected use of 1782 for pre-litigation discovery of a US lawsuit. Here, the Bellostas dragged Caterpillar Crédito into Curaçao court, and Caterpillar Crédito seeks discovery to defend that action.

also be relevant to a different action. But that's not the law; the law is whether the discovery is "useful" for the Curaçao Proceeding—and here it is.[7]

The Bellostas' conjecture that Caterpillar Crédito does not actually seek discovery for use in the Curaçao Proceeding is also undermined by reality. First, after receiving discovery in response to its Washington § 1782 application, Caterpillar Crédito used that discovery in its next filing in Curaçao. (Ex. B.) Caterpillar Crédito intends to do the same with the discovery sought here. Second, Caterpillar Crédito has never sought discovery in relation to the ICC arbitration. Third, any speculative concern that Caterpillar Crédito might use the discovery elsewhere is eliminated by a protective order limiting use to the Curaçao Proceeding. Caterpillar Crédito already agreed to that. (Ex. 2). And in the Washington court, so did the Bellostas. (Ex. 3.)

## II.     THE APPLICATION SATISFIES EACH *INTEL* DISCRETIONARY FACTOR

Once the statutory requirements are met, as here, the Court can exercise its discretion to grant the application, bearing in mind the *Intel* factors. *Mees v. Buiter*, 793 F.3d 291, 301 (2d Cir. 2015). Because the *Intel* factors support the Application, the Court should grant the Application.

### A.     Amex Is Not a Party to the Curaçao Proceeding.

The first *Intel* factor, "whether the person from whom discovery is sought is a participant in the foreign proceeding," favors Caterpillar Crédito's Application. Caterpillar Crédito seeks discovery from Amex, and the Curaçao court cannot compel discovery of Amex. (de Vries Decl. ¶ 15); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 244 (2004). Still, the Bellostas argue that this factor weighs against the Application because they are parties to the Curaçao Proceeding and have control over Amex's documents concerning them. The Bellostas are wrong.

---

[7]   The Bellostas cited cases show the opposite to be true. *See, e.g.*, *In re Accent Delight Int'l Ltd.*, 869 F.3d at 135 ("Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise.").

7

First, courts routinely grant § 1782 applications seeking discovery from banks in aid of foreign suits involving their customers because the "person from whom discovery is sought" is the bank, not their customer, whom the discovery concerns. *In re Furstenberg*, 2018 WL 3392882, at *6 (S.D.N.Y. July 12, 2018) (Koeltl, J.) (granting § 1782 discovery when "[b]anks from whom discovery is sought are not parties to. . . foreign proceeding" and no evidence that foreign court could compel production from banks).[8] Second, the question is whether the foreign tribunal "can exercise its own jurisdiction to order production of the evidence," that is whether "evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. The Bellostas make much of the fact that Caterpillar Crédito's filing in the Curaçao Proceeding describes the type of evidence that would be relevant and asks for that evidence. But the Curaçao court does not have the power to order production of that evidence—*and the Bellostas don't contend otherwise*. (de Vries Suppl. Decl. ¶ 46.) Third, the Bellostas "may not have the same records—or the same quality of records—as the Banks, all of which almost certainly keep account records of [transactions]." *In re Furstenberg*, 2018 WL 3392882, at *6. Fourth, the Bellostas have not agreed to produce the requested documents in the Curaçao Proceeding.[9] The first factor supports the Application.

### B.     The Curaçao Court Will Be Receptive to the Discovery Sought

The second *Intel* factor also favors granting the Application. The Curaçao court will consider evidence obtained through § 1782. (de Vries Suppl. Decl. ¶ 39-42); Opp'n at 16 n.9 (admitting same). There are "no Curaçao discovery rules or restrictions that would lead the

---

[8]  *See also, e.g.*, *Lopes v. Lopes*, 180 F. App'x 874, 877 (11th Cir. 2006); *In re Lake Holding*, 2021 WL 2581427, at *17 (S.D.N.Y. June 23, 2021); *In re Penner*, 2017 WL 5632658, at *2 (D. Mass. Nov. 22, 2017). The *Schmitz* case is distinguishable. There, the petitioner sought its foreign opponent's documents, which happened to be held by its opponent's U.S. law firm. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). Here, the Application doesn't seek the Bellostas' documents; it seeks Amex's transaction records.

[9]  And contrary to the 1782 decision involving Caterpillar, Inc., the Bellostas have not submitted a sworn undertaking agreeing to produce documents. *See Venequip, S.A. v. Caterpillar, Inc.*, 2022 WL 823856, at *3 (N.D. Ill. 2022).

8

Curaçao Court to look unfavorably" on the evidence sought here.  (*Id.* ¶ 43).

        **C.**      **Caterpillar Crédito Does Not Circumvent Proof-Gathering Restrictions**

The third *Intel* factor—whether the Application "conceals an attempt to circumvent foreign proof-gathering restrictions," *Intel*, 542 U.S. at 265—also favors granting the Application.  The Bellostas do not cite any Curaçao "proof-gathering restriction"—let alone allege that Caterpillar Crédito has violated any—because Curaçao allows litigants to use § 1782 to gather evidence.

Instead, the Bellostas try to recast this factor as whether Caterpillar Crédito seeks "parallel" discovery.  But even where a § 1782 application does, the third *Intel* factor weighs against discovery only if there is "a definitive determination that the [foreign] Court has denied [the applicant] access to the same documents that [it] seeks in its § 1782 discovery application." *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011); *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 195 (S.D.N.Y. 2006) (cited by Bellostas; *foreign tribunal* found 1782 was "an attempt to circumvent [its] rules").  What's more, Caterpillar Crédito does not seek discovery from the Bellostas in two jurisdictions; this Application seeks discovery from Amex, and the Curaçao court cannot compel the Bellostas—let alone Amex—to produce that requested discovery.  Caterpillar Crédito is not "side stepp[ing] less-than-favorable discovery rules" because Curaçao courts allow discovery under § 1782, *Gilead Pharmasset LLC*, 2015 WL 1903957, at *4 (D. Del. Apr. 14, 2015), and Caterpillar Crédito may only obtain this discovery via § 1782 (de Vries Decl. ¶ 15).[10]

        **D.**      **The Requested Discovery Is Not Unduly Burdensome.**

The last factor weighs in favor of the Application because Caterpillar Crédito's subpoena contains only two requests, seeking primarily "Monthly account statements . . . from October 16,

---

[10] Unable to show a dodge of Curaçao rules, the Bellostas argue for denial based on misleading allegations about Caterpillar Crédito's conduct.  Opp'n at 18-19.  But the Washington court found that the "Bellostas' extensive delay," not Caterpillar Crédito's conduct, "does not suggest good faith." Opp'n Ex. 5; *supra* n.1-2.  And the Bellostas gripe that Caterpillar Crédito hasn't narrowed its requests, but they didn't confer before objecting, contrary to the civil rules.

9

2014 to October 11, 2017, of [the Bellostas'] credit/debit cards."[11]  The Bellostas have no standing regarding burden; they are "not being asked to produce anything and thus [they] will not be burdened by the requests." *In Re Hellard*, 2022 WL 2819408, at *3 (S.D.N.Y. July 19, 2022). Even if the Bellostas could challenge this factor, they have presented no evidence of undue burden—only argument. *Lake Holding*, 2021 WL 2581427, at *18 (fourth factor favors granting application where no "citation to any evidence in support of [undue burden]" and banks haven't objected).  And their arguments do not show undue burden.  First, contrary to their assertion, the requested documents are not "equally available through the foreign proceeding," as explained above.  Second, the Bellostas' confidentiality concerns "do not pertain to the intrusiveness or burdensomeness," *In re Ex Parte Apple Inc*., 2012 WL 1570043, at *3 (N.D. Cal. May 2, 2012), and are solved by a protective order.  Third, the time period for the requests is not unduly burdensome; the Bellostas concede that the bulk of the time period is relevant.  Quibbling over one year of documents does not justify wholesale rejection of the subpoena.  There is no undue burden here.[12]

## CONCLUSION

Because the § 1782 statutory requirements are met and the *Intel* factors strongly favor the Application being granted, Caterpillar Crédito respectfully asks the Court to grant the Application and order Amex to comply with the subpoena within 14 days.[13]

---

[11]  Mr. Bellosta's residence in April 2022 is relevant, so the subpoena seeks his statements for April 1, 2021 to present.
[12]  *See In re Furstenberg*, 2018 WL 3392882, at *7 ("Banks have not objected . . . on the grounds that the requests are overly broad and/or intrusive, which is strong support for a finding in favor of the petitioners on this factor.").
[13]  The Court need not address the Bellostas' request for reciprocal discovery, buried in a footnote. *US v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993).  If the Court does, the request should be denied.  The Bellostas do not address the statutory factors or allege that any of the discovery they seek is in the District—jurisdictional deficiencies barring relief.  *See In re Porsche*, 2019 WL 5806913, at *13 (D. Mass. Nov. 6, 2019).  Nor do they make any argument for *why* reciprocal discovery is warranted.  *In re Porsche*, 2021 WL 2530277, at *4 (S.D.N.Y. June 21, 2021).  Also, the discovery would not be reciprocal; Caterpillar Crédito seeks discovery from *Amex*, who cannot seek reciprocal discovery as a non-party in Curaçao.  *In re Sampedro*, 2019 WL 101902, at *3 (D. Conn. Jan. 3, 2019).

Dated:  December 23, 2022

                                          Respectfully submitted,

                                          **BUCHANAN INGERSOLL & ROONEY PC**

                                          By: */s/ Nicholas S. Pradaxay*
                                                 Nicholas S. Pradaxay
                                                 640 Fifth Ave., 9th Floor
                                                 New York, NY 10019-6102
                                                 Tel.: (212) 440-4400
                                                 Fax: (212) 440-4401
                                                 E-mail: nicholas.pradaxay@bipc.com

*Counsel for Caterpillar Crédito, Sociedad Anónima de Capital Variable, Sociedad Financiera de Objeto Múltiple, Entidad Regualada*

11